IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-887-DWD |
| ) | |
| JOSHUA W. EVERETT, ) | |
| MARIE R. ELLIOTT, and ) | |
| ILLINOIS HOUSING DEVELOPMENT ) | |
| AUTHORITY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff United States of America filed a complaint against Defendants Joshua W. Everett, Marie R. Elliott, and the Illinois Housing Development Authority ("IHDA") seeking a judgment of foreclosure. (Doc. 1). On August 4, 2021, Plaintiff sent a waiver of service to Everett, who signed it on September 7. (Doc. 5). Plaintiff also filed proofs of service indicating that it served Elliott and IHDA on September 28, 2021. (Docs. 8 & 9). On October 27, 2021, after Defendants failed to appear, Plaintiff moved for entry of default against Defendants. (Doc. 10). A Clerk's entry of default was made on October 28, 2021 (Doc. 11), and Plaintiff filed a motion for default judgment against Defendants on January 7, 2022. (Doc. 13).

It is a prerequisite for an entry of default that the party against whom the default is entered was served properly. However, it appears that Plaintiff has not properly served Defendant IHDA. Because IHDA is a state agency, Federal Rule of Civil Procedure 4(j)

requires Plaintiff to deliver a copy of the summons and complaint to IHDA's chief executive officer or to follow applicable state law. Illinois state law permits service of a governmental entity by serving a summons on the entity's "president or clerk or other officer corresponding thereto." 735 ILCS 5/2-211. Plaintiff filed a signed proof of service that indicates that the United States Marshals Service served "Illinois Housing Development Authority" but does not name a chief executive officer, president, clerk, or other officer at IHDA as required by Rule 4(j) and Illinois state law. (Doc. 8). For this reason, the Court **SETS ASIDE** the Clerk's entry of default (Doc. 11) and **DENIES without prejudice** Plaintiff's motion for default judgment (Doc. 13) as premature. Plaintiff shall serve IHDA in a manner consistent with Rule 4(j) by **March 11, 2022**. If Plaintiff properly serves IHDA, and IHDA fails to timely answer, Plaintiff may then file a new motion for entry of default.

    **SO ORDERED.**

    Dated: February 9, 2022

                                                                     DAVID W. DUGAN
                                                             United States District Judge